IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHENGWU (Kevin) ZHAO, and
FEI-CUI (Faye), individuals**,

               Plaintiffs,

     v.

**GUO QIANG YE (William) and JIN XU,
husband and wife, ZHENYONG WANG,
an individual, UANGO.COM, LTD., an
Oregon corporation, FENCONN TECH CO.,
LTD., an Oregon corporation, FUJI CHINA
HOLDINGS CO., LTD., a corporation,**

               Defendants.

No. 3:14-cv-00157-MO

OPINION AND ORDER

**MOSMAN, J.**,

     Plaintiffs Chengwu Zhao and Fei Cui filed suit, setting out eight claims for: (1) federal

securities fraud under Rule 10b-5; (2) Oregon securities fraud; (3) common law fraud; (4) breach

of contract; (5) seeking to pierce the corporate veil as to Defendant William, Jin Xu, and

Defendant Zhenyong Wang, on the grounds that they have treated the three corporate defendants

as alter egos; (6) injunctive relief; (7) under the Guaranty signed by Defendant Fuji, and (8)

*quantum meruit*, or unjust enrichment.  Defendants moved to dismiss under the doctrine of *forum*

*non conveniens*.  Having concluded that jurisdiction is not proper in the United States, I GRANT

Defendants' motion to dismiss [72].


## BACKGROUND

Plaintiffs Chengwu Zhao and Fei Cui, who also go by Kevin and Faye, are husband and

wife.  They are Chinese nationals who were in Oregon on temporary B-1 visas, but have since

returned to China when their visas expired.  Plaintiffs allege that they were approached while in

China by Defendant Guo Qiang Ye, also known as William, about the opportunity to invest in a

company he intended to form in Oregon.  They allege that William represented to them that the

company would engage in the business of forwarding freight to China, that he was also going to

be a shareholder in the company, and that Defendant Fuji Holdings would also be a shareholder.

Plaintiffs allege that they were to move to Oregon and actively participate in the running of the

new company.  The company at issue was eventually created, and it is Defendant Uango.com,

Ltd.

While in China, Kevin and Faye transferred their investments to William's personal

Chinese bank account.  It was their understanding that they would receive stock certificates in

the company when they arrived in Oregon and that the company would pay them a salary while

they were here.  Upon their arrival to the United States, Kevin and Faye allege that William and

his wife, Defendant Jin Xu, have refused to provide them with their stock certificates, have not

given them any involvement with the business, and have not provided them with working keys to

the company's empty warehouse in Oregon.

## LEGAL STANDARDS

On a motion to dismiss, the court reviews the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The court considers allegations in the complaint, any exhibits attached to the complaint, and judicially noticeable materials.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## DISCUSSION

### I.    Method for Determining Proper Forum

Before dismissing a case on the grounds of *forum non conveniens*, a district court must make a choice of law analysis to determine whether a United States statute, like the Jones Act requiring venue in the United States, is applicable.  *Zipfel v. Halliburton Co*., 832 F.2d 1477, 1482 (9th Cir. 1987), *amended on other grounds by* 861 F.2d 565 (9th Cir.1988); *see also Lueck v. Sundstrand Corp*., 236 F.3d 1137, 1143 (9th Cir. 2001), *Creative Tech. Ltd. v. Aztech System Pte., Ltd.*, 61 F.3d 696, 700 (9th Cir. 1995) (noting that the Jones Act, 46 U.S.C. app. § 688(a) and the Federal Employers' Liability Act, 45 U.S.C. § 56, "contain special provisions mandating venue in the United States district courts.")  If no such applicable law is appropriate to tip the scale towards venue in the United States, then the court should proceed in its *forum non conveniens* analysis. *See Lueck,* 236 F.3d at 1148, citing *Lockman Found v. Evangelical Alliance Mission,* 930 F.2d 764, 771 (9th Cir. 1991) (where "no such law is implicated, the choice of law determination is given much less deference on *a forum non conveniens* inquiry").  In a *forum non conveniens* analysis, the court must determine whether: 1) an adequate forum is available for the plaintiffs and 2) whether the balance of private and public interest factors favors dismissal.

*Gutierrez v. Advanced Medical Optics, Inc.,* 640 F.3d 1025, 1029 (9th Cir. 2011).  There is no such applicable United States statute in this case, therefore this court can engage in a *forum non conveniens* inquiry. *See Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1092 (9th Cir. 1998) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981).

## II.    **Adequate Alternative Forum**

"A district court has discretion to decline to exercise jurisdiction by invoking the doctrine of *forum non conveniens* in a case where litigation in a foreign forum would be more convenient for the parties." *Gutierrez,* 640 F.3d at 1029 (citing *Lueck*, 236 F.3d at 1142).  However, the court is instructed that this is an "exceptional tool" to be applied sparingly.  *Id.*  In order to dismiss a claim on *forum non conveniens* grounds, the court must review the adequacy of the forum available to Plaintiffs and whether the balance of private and public interest factors favors dismissal of the case.  *Id.*

The district court must first determine whether an adequate alternative forum is available to the plaintiff.  *See Lueck v. Sundstrand Corp.*, 236 F.3d at 1143.  "An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum" and "when the entire case and all parties can come within the jurisdiction of that forum.'" *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (emphasis omitted) (quoting *Alpine View Co. Ltd. v. Atlas Copco*, 205 F.3d 208, 221 (5th Cir.2000).  "Ordinarily, to show an available forum, all that is required is that the defendant is amenable to service of process in the foreign jurisdiction." *Gutierrez*, 640 F.3d at 1029-30, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981). Here, all defendants who have appeared in this matter have agreed to stipulate to service of process in China and have consented to jurisdiction there.

Defendants' legal experts state that under Chinese law, plaintiffs will be able to bring a breach of contract action arising from the facts alleged in their complaint. Even more compelling is the fact that in April 2014, plaintiffs filed suit in China for a case arising out of the same facts and contracts at issue in this case. The court in Beijing has accepted jurisdiction. In *Carijano v. Occidenta,* the Ninth Circuit held that the requirement that the alternative forum offer some remedy for a plaintiff's harm is "easy to pass; typically, a forum will be inadequate only where the remedy provided is 'so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1225-26 (9th Cir. 2011) (citing *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1178 (9th Cir. 2006)). Additionally, in determining whether an adequate alternative forum exists, "courts ask only whether some remedy exists; whether the remedy afforded is less favorable in the foreign forum is not determinative." *Neuralstem, Inc. v. ReNeuron, Ltd*., 365 F. App'x 770, 771 (9th Cir. 2010) (citing *Lueck* 236 F.3d at 1143-44). Since defendants and their experts have provided evidence that the Chinese legal system will provide a remedy to these parties, dismissal would be proper here.

### III.    Balance of Private and Public Interest

The Ninth Circuit has held that the relevant factors in determining whether to remove a case based on the doctrine of *forum non conveniens* includes both private and public considerations. *See Gemini Capital Group*, 150 F.3d 1088, 1092-94 (9th Cir. 1998); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986). The private interest factors include the plaintiff's choice of forum, the residents of the parties and witnesses, ease of access to evidence, the availability of compulsory process, and the cost of transporting witnesses. *See Boston Telecom. Group, Inc. v.* Wood, 588 F.3d 1201, 1206-7 (9th Cir. 2009).

The public interests include court congestion, imposition of jury duty on the community, local interest in resolving the controversy, the interest in having a diversity case decided in the forum familiar with the relevant law, and avoiding conflicts of law problems. *Gemini,* 150 F.3d at 1094.

    **a.**  *Private Considerations*:

There is a strong presumption in favor of the plaintiff's chosen forum and the defendant must make a strong showing of the necessity of transfer. *Boston Telecom.*, 588 F.3d at 1206; *see also Neuralstem, Inc. v. ReNeuron, Ltd.*, 365 F. Appx. at 771-72 (reversing the district court's dismissal on *forum non conveniens* grounds because it did not adequately weigh defendant's residency and choice of forum in its private interest factor analysis.) The Supreme Court has recognized that when "the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's [forum] choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). The Ninth Circuit has distinguished this presumption, stating that "less deference is not the same thing as no deference." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513-14 (9th Cir. 2000).

There is no dispute that the plaintiffs were present in the United States for a time; however they were only here under temporary B-1 visas and have since returned to China upon the expiration of their visitor visas. At the time of the alleged injury, plaintiffs were in Oregon under temporary B-1 visas, which requires a showing that the applicants have a non-immigrant and temporary intent to stay in the United States. It is also undisputed that all parties in this action currently reside in China. This dispute arises out of a transaction that was first

contemplated in China.  The parties all met in China, the instruments were negotiated and signed in China, and Plaintiff's money was transferred to the defendants in China, using Chinese currency.  The only evidence that remains within the United States is the unused rented warehouse in Wilsonville, Oregon.  While most of the evidence concerning the transaction can be brought to the United States, the fact that this evidence is in the Chinese language and must be translated is burdensome to the defendants.  Similarly, since all parties to this action, and likely the majority of witnesses to be called at trial are located in China, the cost to transport them all to the United States would be taxing.

> b. _Public Considerations_

In determining if there is a local interest in resolving the dispute, the court must ask if the State of Oregon has an identifiable interest in this case. *See Piper*, 454 U.S. at 261.  Oregon has little interest in resolving the dispute.  Although Uango.com was incorporated in Oregon, it has not conducted any business in Oregon and the threat of this corporation injuring any parties here is minimal.  The Chinese courts have a much greater interest in resolving a dispute between Chinese citizens, concerning a contract that was written in China, and paid for with Chinese money.  *See Calavo Growers of Calif. v. Generali Belgium,* 632 F.2d 963, 966-68 (2d Cir. 1980).

The burden to this court interpreting and correctly applying Chinese law is prohibitive, since application and interpretation of this law would be difficult.  Courts have held that the need to apply foreign law favors dismissal on *forum non conveniens* grounds.  *See Calavo,* 632 F.2d at 967 (in breach of contract and fraud action, "the likelihood that Belgian law would govern…lends weight to the conclusion that the suit should be prosecuted in that jurisdiction.") While the burden on the courts and juries would not be significant, judicial efficiency will be

served if the parties are only required to litigate this dispute in one jurisdiction. "Needless duplication of proof and waste of judicial resources [should] be avoided." *Id.* at 968.

## CONCLUSION

After determining that an adequate alternative forum exists for the plaintiff in China, and after balancing the public and private considerations in this case, I have found that jurisdiction is not proper in this court and dismissal on the grounds of *forum non conveniens* is proper. However, should the plaintiffs pending case in the Chinese courts be dismissed for lack of jurisdiction, they are given leave to return to District of Oregon and refile their claim without prejudice.  Defendants' motion to dismiss [72] is GRANTED.

IT IS SO ORDERED.

DATED this   29th   day of September, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge