IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHENGWU (Kevin) ZHAO, and
FEI-CUI (Faye), individuals,

        Plaintiffs,

v.

GUO QIANG YE (William) and JIN XU,
husband and wife, ZHENYONG WANG,
an individual, UANGO.COM, LTD., an
Oregon corporation, FENCONN TECH CO.,
LTD., an Oregon corporation, FUJI CHINA
HOLDINGS CO., LTD., a corporation,

        Defendants.

No. 3:14-cv-00157-MO

OPINION AND ORDER

MOSMAN, J.,

        Plaintiffs seek reconsideration of my September, 2014 decision to dismiss this case on the grounds of *forum non conveniens*. On April 7, 2015, I held a motion hearing concerning Plaintiffs' Motion for Reconsideration [170]. For the reasons stated on the record and in this opinion and order, I DENY Plaintiffs' motion [170]. This case remains closed and my prior amended judgment [102] dismissing this action remains in effect.

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

On September 29, 2014, I issued an Opinion and Order [100] dismissing this case on the grounds of *forum non conveniens* because I found that an adequate alternative forum exists for both Plaintiffs in China. On October 3, 2014, Plaintiffs filed a Motion for Stay of Judgment and Amended Judgment Pending Appeal [103], and shortly thereafter, on October 27, 2014, Plaintiffs filed a Motion for Reconsideration [118]. On November 4, 2014, oral argument was held concerning these motions [135]. For the reasons stated on the record, I DENIED AS MOOT Plaintiffs' Motion for Stay of Judgment and DENIED Plaintiffs' Motion for Reconsideration [136]. On November 26, 2014, Plaintiffs filed a Supplemental Motion for Reconsideration [140]. On January 21, 2015, I DENIED that motion [158] and scheduled a hearing concerning the status of the parties' litigation in China. On February 17, 2015, Plaintiffs filed another Motion for Reconsideration [163].

## ANALYSIS

When dismissing a case on *forum non conveniens* grounds, a court must first look at the adequacy and availability of the foreign remedy afforded, while also balancing the private and public interest factors that have been set-forth by relevant case law. *See Gemini Capital Group*, 150 F.3d 1088, 1092–94 (9th Cir. 1998). Private interest factors include: (1) the residence of the parties and witnesses; (2) the forum's convenience to the litigants; (3) evidentiary considerations; and (4) enforceability of the judgment. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229–32 (9th Cir. 2011) (citing *Boston Telecom. Group, Inc. v. Wood*, 588 F.3d 1201, 1206–07 (9th Cir. 2009)). The public interest factors include: (1) the local interest in resolving the controversy; and (2) other judicial considerations, such as the court's familiarity with the

governing law, court congestion, the burden on local courts and additional imposition of jury duty on the community, the costs of resolving a dispute unrelated to a particular forum, and avoiding conflict of law problems. *See Carijano,* 643 F.3d at1232–34. *See also Gemini,* 150 F.3d at 1094; *Boston Telecom.*, 588 F.3d at 1211. As already discussed in my prior Opinion and Order [100], after determining that China's is an adequate forum and weighing the private and public consideration factors, I hold that China is the proper jurisdiction for this litigation.

### I.     China as an Adequate Available Forum

Several arguments have been raised by Plaintiffs challenging my *forum non conveniens* analysis; chief among them is whether China is an adequate available forum for this litigation. The requirement that an alternative forum must offer *some* remedy for a plaintiff's harm is "easy to pass; typically, a forum will be inadequate only where the remedy provided is 'so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Carijano,* 643 F.3d at 1225–26 (quoting *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1178 (9th Cir. 2006)). As I have previously noted, the Ninth Circuit has instructed courts to "ask only whether some remedy exists; whether the remedy afforded is less favorable in the foreign forum is not determinative." *Neuralstem, Inc. v. ReNeuron, Ltd.*, 365 F. App'x 770, 771 (9th Cir. 2010) (citing *Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1143–44 (9th Cir. 2001)). Although Plaintiffs argue about the adequacy of the Chinese legal system, I find that China provides the parties in this action with an adequate remedy.

"Ordinarily, to show an available forum, all that is required is that the defendant is amenable to service of process in the foreign jurisdiction." *Gutierrez v. Advanced Medical Optics, Inc.,* 640 F.3d 1025, 1029–1030 (9th Cir. 2011) (citing *Piper Aircraft Co. v. Reyno,* 454

U.S. 235, 254 n. 22 (1981)). In the early stages of this dispute, Defendants consented to jurisdiction and stipulated to service of process in China. More importantly, the parties have already begun litigating this dispute in two separate cases brought by Defendant William in China—in Shanghai for Plaintiff Kevin and in Beijing for Plaintiff Faye. In fact, Faye has already received a judgment in her favor, which has been affirmed by the Beijing First Intermediate People's Court of Final Appeal.

On January 9, 2015, the Shanghai Municipal Court issued a notice of rejection concerning William's Complaint over questions of Kevin's residency in Guangzhou and citizenship in Shanghai. Because my prior opinion and order included a "return-jurisdiction" clause to become effective in the event the Chinese court declined jurisdiction, this specific notice has largely been the focus of Plaintiffs' motions for reconsideration. However, on March 24, 2015, the Shanghai Municipal Second Intermediate People's Court of Appeals reversed the lower court, finding that Kevin's "place of permanent registered residence…is…Shanghai…and the court of the first instance shall have jurisdiction over this case." Def.'s Status Report, p. 2–3 [174].

Unlike in *Gutierrez*—where the plaintiffs' case was dismissed in the United States on the basis of *forum non conveniens* only to later be dismissed by the Mexican courts for lack of jurisdiction—our Plaintiffs' cases have been accepted, and in Faye's case, already resolved in her favor. As the Ninth Circuit noted in *Gutierrez*, "[a]t its core, the doctrine of *forum non conveniens* is concerned with fairness to the parties.... Here, to simply affirm the district court without acknowledging that Plaintiffs do not have a forum in which to bring their case would, apparently be to leave their horrific injuries wholly unredressed." 640 F.3d at 1030. Considering the fact that one Plaintiff has already received a judgment in her favor and the second Plaintiff

has had a Chinese appellate court confirm jurisdiction in his case, no strong justifications remain for this court to retain jurisdiction for lack of an available forum.

## II. Private Interest Factors

The private interest factors to be considered by a court when conducting a *forum non conveniens* analysis are as follows:

### A. Residence of the Parties

At the initial filing of this lawsuit, all of the parties to this action were domiciled in China. Since that time, William and his wife, Jin Xu, have obtained temporary L-1 visas and have moved to the United States. They have rented a warehouse in Wilsonville, Oregon, and have begun working to establish Defendant Corporation Uango.com. Although the original intent of the agreement in dispute provided that William would provide Plaintiffs with B-1 and L-1 visas to live and work in the United States, the fact remains that the promised visas were never acquired. Thus, Plaintiffs continue to live in China and are "foreign plaintiffs" for purposes of this action. While some deference is to be given to a foreign plaintiff's choice of venue, *see Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000), the Supreme Court has held that "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's [forum] choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Plaintiffs live in China; William regularly travels to-and-from China; Zhenyong Wang, one of the three individual Defendants (who has yet to be served and has not appeared in this case) lives in China; and William and his wife are in the United States on temporary L-1 visas that have the possibility of not being renewed. Thus, when considering the location and permanent residence of the majority of the parties in this action, I

5 – OPINION AND ORDER

find that this specific factor weighs against the retention of jurisdiction in this instance.

### B. Convenience to the Parties

Another factor to be considered is where the primary activities that formed the basis for this lawsuit took place. *See e.g. Paper Operations Consultants Intern., Ltd. v. S.S. Hong Kong Amber*, 513 F.2d 667, 672 (9th Cir. 1975) (upholding *forum non conveniens* determination partially based on the fact that the majority of activities and contracts in dispute were formed outside of the United States). In this case, the parties met in China. The agreement was executed using Chinese currency and transferred to Defendant William's bank account in China. The instruments related to this contract were written, negotiated, and signed in Chinese. If this litigation was to take place in the United States, all of these documents and transactions would require translation into English, which itself would be a significant cost to the parties.

The excessive cost and inconvenience of travel between Portland and China supports dismissal on *forum non conveniens* grounds. Although Plaintiffs have agreed to the burden and expense of traveling to-and-from China for this litigation, the fact remains that almost all conceivable witnesses and parties to this action—besides William and Jin Xu—live in China. While Unago.com is located in the United States, it appears based on the evidence presented that the physical location of the warehouse has a very limited impact on this litigation. Instead, this dispute focuses on Plaintiffs' allegations concerning Defendants' lack of performance and fraud based on promises made in the contract. Therefore, it is the contract, not any physical evidence that is located within the United States, that is the basis this litigation.

The time and expense of flights, hotels, meals, translations, and the shipping of all of the materials that go into the preparation of trial, such as depositions and document review, as well the trial itself, would be prohibitively high for those who would be traveling from China. One

can easily imagine that all of these expenses combined would seriously under-cut any possible award Plaintiffs would hope to obtain. On the other hand, expenses of this nature would be *de minimus* if the case were to proceed in China, where one Plaintiff has already received a judgment and the other is in the midst of litigation. Thus, I find that the convenience of the parties weighs in favor of dismissal on this specific prong.

### C. Evidentiary Considerations

The next factor to be weighed concerns the access to physical evidence and other sources of proof, as well as whether unwilling witnesses can be compelled to testify at trial. "'Any court ... will necessarily face some difficulty in securing evidence from abroad,' but these complications do not necessarily justify dismissal." *Boston Telecom. Grp.*, 588 F.3d at 1208 (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181 (9th Cir.2006)). Unlike the *forum non conveniens* cases where physical evidence is central to the parties' dispute (such as an airplane crash or industrial accident), in this case, little physical evidence would be require shipment to the United States for trial. The majority of relevant evidence in this case is document based. All discussions leading up to the contract negotiations, payments, and the eventual execution of the contract itself, could easily be printed and shipped in a number of boxes to the United States. Since the shipment of these evidentiary documents alone would not be unduly burdensome, I find this consideration to be neutral for the parties in this instance.

The court must next consider whether unwilling witnesses can be compelled to testify at trial. *Carijno*, 643 F.3d at 1231. The exact number and location of witnesses is not the primary factor to be considered in this analysis, but rather "the court 'should evaluate the materiality and importance of the anticipated...witnesses' testimony and then determine their accessibility and convenience to the forum.'" *Boston Telecom. Grp.*, 588 F.3d at 1209 (citing *Lueck* 236 F.3d at

7 – OPINION AND ORDER

1146). While Defendants are not required to provide an exhaustive list of potential unwilling witnesses, they have noted that one of their co-defendants, Zhenyong Wang, has not been served in this action and Plaintiffs have been unable to locate him. It is safe to assume that at this point he is an unwilling or unavailable witness. Besides Mr. Wang, Defendants have failed to show or represent any other witnesses who would be unavailable for trial in the United States. Therefore, because the number and location of possible "unwilling witnesses" is generally unknown, a great deal of weight is not to be afforded to Defendants in this particular instance. *See Carijno*, 643 F.3d at 1231. Thus, when all of the evidentiary considerations are properly evaluated, these factors are neutral.

### D. Enforcement of Judgment

Plaintiffs next argue that even if jurisdiction is proper within China for this dispute, any judgment they may (or already have) received would be unenforceable since they believe that many of William's assets have been moved to the United States. The enforceability of a foreign judgment in the United States is one of the private factors to be considered in a *forum non conveniens* analysis. *See Boston Telecom. Grp.*, 588 F.3d at 1206–07. However, as Defendants have pointed out, Faye has yet to demonstrate that her Chinese judgment is in-fact unenforceable. William has declared that he has "not taken any action to transfer any of [his] assets to avoid judgment or otherwise," Decl. of Guo Qiang Ye, p.2 [176–1], and noted that he has "not received any enforcement notice from the Shanghai Court." *Id.* Additionally, on April 1, 2015, William's attorney was contacted by a Chinese court official seeking to "discuss the details of the payment." *Id.* William notes that he has "the means, and [is] open to resolving the matter with Faye." *Id.*

Even if Faye is unable to receive payment on the judgment she has received, she argues that "it is extremely difficult, if not impossible to enforce a Chinese Judgement in a United States Court." Pls. Motion [170], p. 6. During the April 7th hearing—when Plaintiffs' Counsel was pressed to provide evidence in support of this statement—Counsel argued that enforcement of a Chinese judgment would be "problematic" because he "talked to an attorney in Seattle, and they were able to enforce a judgment down in the District of California, but [that lawyer] said it's quite difficult to do that and it's a tough procedure." April 7, 2015 Hearing Transcript, p. 10. In response, Defendants note that the State of Oregon has a statutory procedure in place to assist persons with a foreign-country money judgment of the type that Faye has received in China. *See* Oregon Uniform Foreign-Country Money Judgments Recognition Act, OR. REV. STAT. § 24.350–.400.[1] Faye has not proven that her judgment is unenforceable in either China or the United States. Thus, I find that this private interest factor weighs heavily in favor of dismissal in this instance.

Having considered the relevant private interest factors to be considered in a *forum non conveniens* analysis, I find that dismissal of this action in the United States weighs heavily in Defendants' favor.

### III.   Public Considerations

The public interest factors to be considered by a court when conducting a *forum non conveniens* analysis are as follows:

---

[1] Plaintiffs informally suggested that the Oregon Uniform Foreign-Country Money Judgments Recognition Act does not apply to a judgment obtained in China because Chinese courts do not provide defendants with notice until after the court accepts the complaint. Citing OR. REV. STAT. § 24.360(2) ("A court of this state may not recognize a foreign-country judgment if [t]he judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law."). Not only do Plaintiffs fail to adequately support their assertion that a court's failure to notify a party before accepting a complaint is a violation of due process, but the Ninth Circuit has previously recognized judgments from Chinese courts under related statutes. *Hubei Gezhouba Sanlian Indus., Co. v. Robinson Helicopter Co.*, 425 F. App'x 580, 581 (9th Cir. 2011) (concerning California's Uniform Foreign–Money Judgments Recognition Act).

### A. Local Interest

In determining if there is a local interest in resolving the dispute, the court must ask if the State of Oregon has an identifiable interest in this case. *See Piper*, 454 U.S. at 260–61. Plaintiffs argue that Oregon has an interest in the dealings of the Defendant corporation Uango.com, and in preventing other parties and corporations from making allegedly false promises such as visas, stock certificates, cooperate ownership, and participation to investors in the future. While Oregon has an interest in ensuring that its incorporated businesses are operating within the bounds of the law, Oregon has little interest in resolving the dispute in this instance. Uango.com was incorporated by the parties while they were in China primarily as a means of immigrating to the United States. The day-to-day operations of Uango.com and its dealings within the State of Oregon have little or nothing to do with the negotiations that took place between the parties in China. The threat of this corporation injuring any additional parties in this same manner, especially those currently living in Oregon, is minimal. China has a much greater interest in resolving a dispute between its citizens concerning a contract that was introduced, negotiated, written, and eventually paid for in China. Therefore, the local interest factor weighs in favor of Defendants dismissal.

### B. Judicial Considerations

Judicial efficiency would be better served if the parties are only required to litigate this dispute in one jurisdiction. Since one Plaintiff has already received a judgment in her favor and litigation has begun for the other, it is obvious that judicial economy in the United States and China would be served better by not having to retry this case. "Needless duplication of proof and waste of judicial resources [should] be avoided." *Calavo Growers of Calif. v. Generali Belgium*, 632 F.2d 963, 968 (2d Cir. 1980). While I do not have to make a determination

regarding the proper choice-of-law in this instance, *see Lueck,* 236 F.3d at 1148 (noting that district courts are not required to make a choice of law determination in a *forum non conveinens* analysis when a motion does not involve a statue requiring venue in the United States), it is clear that this court would be called upon to interpret and apply Chinese law in at least a few instances. This information is probative since application and interpretation of Chinese law would certainly require additional time and study. Courts have held that the need to apply foreign law favors dismissal on *forum non conveniens* grounds. *See Calavo Growers of Calif.*, 632 F.2d at 967 (holding in breach of contract and fraud action that "the likelihood that Belgian law would govern…lends weight to the conclusion that the suit should be prosecuted in that jurisdiction.") Given the likelihood of applying Chinese law in this case, the public interest factors weigh in favor of prosecution in the foreign jurisdiction.

## CONCLUSION

Having considered the adequacy and availability of China as the location of this litigation, while also balancing the private and public consideration factors in a *forum non conveniens* analysis, I decline to alter my previously ruling that this case should be dismissed.

IT IS SO ORDERED.

DATED this 6th day of May, 2015.

MICHAEL W. MOSMAN
United States District Judge