IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHENGWU (Kevin) ZHAO**, and
**FEI-CUI (Faye),** individuals,

        Plaintiffs,

    v.

**GUO QIANG YE (William)** and **JIN XU,**
husband and wife**, ZHENYONG WANG,**
an individual, **UANGO.COM, LTD.,** an
Oregon corporation**, FENCONN TECH CO.,
LTD.,** an Oregon corporation**, FUJI CHINA
HOLDINGS CO., LTD.,** a corporation**,**

        Defendants.

No. 3:14-cv-00157-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiffs have filed a Motion for Relief from Judgment Pursuant to Rule 60(b)(2) [184]. Defendants object to the motion on the grounds that it is untimely and unsupported by newly discovered evidence. I DENY Plaintiffs' Motion [184] as untimely.

## Background

On September 29, 2014, I issued an Opinion and Order [100] dismissing this case on the grounds of *forum non conveniens* because I found that an adequate alternative forum exists for both Plaintiffs in China. On October 3, 2014, Plaintiffs filed a Motion for Stay of Judgment and Amended Judgment Pending Appeal [103], and shortly thereafter, on October 27, 2014,

1 – OPINION AND ORDER

Plaintiffs filed a Motion for Reconsideration [118]. On November 4, 2014, oral argument was held concerning these motions [135]. For the reasons stated on the record, I DENIED AS MOOT Plaintiffs' Motion for Stay of Judgment and DENIED Plaintiffs' Motion for Reconsideration [136]. On November 26, 2014, Plaintiffs filed a Supplemental Motion for Reconsideration [140]. On January 21, 2015, I DENIED that motion [158] and scheduled a hearing concerning the status of the parties' litigation in China. On February 17, 2015, Plaintiffs filed another Motion for Reconsideration [163]. On February 23, 2015, I DENIED AS MOOT that motion [166]. On April 1, 2015, Plaintiffs filed another Motion for Reconsideration [170]. On April 7, 2015, I DENIED that motion [177] and explained that order in my May 6, 2015, Opinion and Order [178]. On May 29, 2015, Plaintiffs filed a notice of appeal [179].[1] On December 18, 2015, Plaintiffs filed the current Motion for Relief from Judgment [184].

## Discussion

A motion under Rule 60(b)(2) states "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule59(b). FED. R. CIV. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for [new evidence] no more than a year after the entry of the judgment or order." *Id.*

---

[1] Both parties assume I have jurisdiction under FED. R. CIV. P. 62.1. For the purposes of this Opinion, I assume the same. However, Rule 62.1 creates jurisdiction only for a "timely motion." As I have determined this motion is not timely, my jurisdiction may be in question. Other courts have proceeded to consider and deny an untimely motion under 62.1. *See, United States v. Peterson*, No. 04 CR. 752 DC, 2013 WL 1830217, at *2 (S.D.N.Y. May 1, 2013) ("I exercise my discretion under Rule 62.1 to deny Crew's Rule 60(b) motion because it is untimely and meritless."); *Baker v. Douglas*, No. 4:08-CV-770, 2010 WL 4386476, at *6 (M.D. Pa. Oct. 29, 2010) (recognizing jurisdiction under 62.1 and denying Rule 60(b) motion as untimely). I follow their example and proceed to consider the motion under the jurisdictional grant of Rule 62.1. In the alternative, if I lack jurisdiction, the Plaintiffs' motion is DISMISSED for lack of jurisdiction.

The parties dispute which ruling the Plaintiffs' motion addresses. Defendants contend it is my original opinion and order and entry of judgment on September 29, 2014. Plaintiffs argue their motion is for relief from my May 6, 2015, order denying their motion for reconsideration. Plaintiffs claim it was "only after the filing of the May 6, 2015, Opinion and Order that all parties knew the full disposition of the case" and that to use the judgment would be to artificially determine the end of the case.[2] (Pl. Rply. at 3.) Plaintiffs ignore the Amended Judgment which declared: "This case is DISMISSED WITHOUT PREJDUDICE." [102]. It can reasonably be construed that after that judgment, all parties knew the full disposition of the case. The Amended Judgment was entered on September 29, 2014, and the time limits of Rule 60(b) began to run at that time.[3] The window of opportunity for Plaintiffs to file a Rule 60(b) motion based on new evidence closed in September of 2015. Plaintiffs' motion filed December 18, 2015, falls outside of that window.

In the alternative, Plaintiffs may argue their numerous motions for reconsideration tolled the applicable one year limit and thus, even if measured from the Amended judgment, their motion is timely. While the Ninth Circuit has not addressed whether a motion for reconsideration tolls the time limits of Rule 60(c), it has held that an appeal does not toll the statute. *Nevitt v. United States*, 886 F.2d 1187 (9th Cir. 1989). *Nevitt* was clear that if a "Rule 60(b)(2) motion [is] not filed within one year of entry of judgment, the district court lack[s] jurisdiction to consider it." *Id.* at 1188. The Ninth Circuit created this rule to promote the finality of a judgment. The same concerns are implicated in the present case. A motion for relief

---

[2]Plaintiffs contend that to limit a Rule 60(b) motion to the entry of judgment would be to artificially limit the Rule 59(e) motions. Rule 59(e) contains its own temporal limitations. FED. R. CIV. P. 59(e) ("[A] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

[3] The Second Amended Judgment did not alter the substantive conclusion regarding my *forum non conveniens* ruling. Even if the Second Amended Judgment were considered the final judgment, it was entered November 4, 2014. Defendants' motion would still be untimely.

3 – OPINION AND ORDER

from judgment, like an appeal, is a type of post-judgment relief. Allowing a series of motions for reconsideration to extend the one-year limitation on presenting new evidence under Rule 60(b)(2) would severely undermine the finality of any judgment. There is no support from the text of the rule or the case law interpreting the rule to suggest such a result would be proper.

## Conclusion

Having considered the temporal limitations of Fed. R. 60(c), I DENY Plaintiffs' Motion for Relief from Judgment [184] as untimely.

IT IS SO ORDERED.

DATED this 5th day of March, 2016.

    /s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge